NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

XIA CHEN,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

          Respondent.

No. 16-73364

Agency No.
A088-450-750

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 21, 2024
San Francisco, California

Before: BERZON, BRESS, and VANDYKE, Circuit Judges.

Petitioner seeks review of a Board of Immigration Appeals (BIA) decision

dismissing her appeal of the denial by an Immigration Judge (IJ) of asylum,

withholding of removal, and Convention Against Torture (CAT) relief. We have

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA agrees with the IJ's reasoning, we review both

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

decisions." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (citation and internal quotation marks omitted). "We review the agency's decision under the highly deferential substantial evidence standard." *Id.* Questions of law are reviewed de novo, while findings of fact are considered "'conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary.'" *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006)).

Eligibility for asylum requires "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1101(a)(42)(A), that is "both 'subjectively genuine' and 'objectively reasonable.'" *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (quoting *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003)). The petitioner must establish either "a reasonable possibility he or she would be singled out individually for persecution" or alternatively (1) "a pattern or practice … of persecution of a group of persons similarly situated to [her] on account of" a protected ground *and* (2) "her own inclusion in, and identification with, such group of persons such that … her fear of persecution upon return is reasonable." 8 C.F.R. § 1208.13(b)(2)(iii).

Both the IJ and the BIA concluded that Petitioner did not establish either a "reasonable possibility" that she would be persecuted upon return to China, or a

"pattern or practice" of persecution of a group she belongs to, and the record does not compel a different conclusion.

First, Petitioner has abandoned her imputed religion claim by failing to brief the issue. And Petitioner has not provided evidence compelling the conclusion that there is "a reasonable possibility … she would be singled out individually for persecution" based on her religious practice. *Id.* She offered little in the way of individualized detail regarding her practice of Christianity, even when prompted for more specific testimony. She similarly provided little evidence of how she specifically would be targeted for persecution as a Christian. Nor does the record compel the conclusion that there is a sufficient pattern or practice of persecution of Christians who attend non-state-sponsored churches in China.

Assuming the argument is not waived, the record likewise does not compel the conclusion that Petitioner has an objective fear of persecution based on having more than one child while living outside of China. "In asylum cases involving China's family planning policy, the BIA reviews 'the details of local family planning policies, proof that the alien violated such policies, and evidence that local enforcement efforts against the violation will rise to the level of persecution,'" "look[ing] to the 'alien's local province, municipality, or other locally-defined area.'" *Yan Rong Zhao v. Holder*, 728 F.3d 1144, 1147 (9th Cir. 2013) (citations omitted).

3

Even if family planning policies did apply, the Fujian Province allows various exceptions in which couples are allowed to have two children. The record does not compel the conclusion that Petitioner would be persecuted if found in violation of local family planning policies. Instead, the record suggests that violations of the policies are generally punished with "social maintenance fees," and Petitioner has failed to provide any individualized evidence suggesting that the sanctions she might face would rise to the level of persecution.

Finally, Petitioner briefly argues that she fears persecution if she were to have another child in the future. To the extent the BIA misstated Petitioner's testimony about whether she wanted to have more children, that was not material. What is material is Petitioner's failure to challenge the IJ's conclusion regarding the treatment of foreign-born children against any limits on the number of children one may have, or the BIA's determination that the record "does not establish a policy of forced sterilization of parents who return to China with children who were born outside of that country." In fact, Petitioner barely discusses family planning at all. Because Petitioner failed to contest the agency's determination that the record contains insufficient evidence as to how her American-born children will be counted, such an argument is not properly before us, and we do not consider it here.

**PETITION DENIED.**